IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE A. ATTFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.: |
| v. ) | |
| ) | CV-11-RRA-1952-S |
| US DOL, et al., ) | |
| ) | |
| Defendants. ) | |

Memorandum Opinion

This case comes before the court on the In Forma Pauperis Affidavit filed by the Plaintiff. (Doc. 2). The magistrate ordered that the plaintiff should be allowed to proceed as a pauper, and thus should be allowed to commence this action without prepayment of fees, costs, or security. (Doc. 3.)

In making the determination of whether a plaintiff qualifies as a pauper "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] . . . fails to state a claim on which relief may be granted." 28 U.S.C.A. § 1915 (e)(2)(B)(I) and (ii). After a review of the complaint, the magistrate found the claim to be incoherent and, therefore, frivolous, and recommended its dismissal. (Doc. 3.) The plaintiff filed objections to the recommendation. (Doc. 4.)

The court has carefully reviewed all of the Plaintiff's submissions, including his exhibits, in an effort to decipher any potential claim. In his Request for Reconsideration (doc. 4), he mentions "ADA," which the court construes as Americans with Disabilities Acts, "wrongful termination" and "EEOC." If his complaint is for wrongful termination under the

ADA, then it is filed too late; the EEOC documents filed with the Complaint include two right to sue letters – one dated December 17, 2009 (Doc. 1-19) and one dated February 24, 2010 (Doc. 1-21). His complaint was filed June 9, 2011 – far more than ninety days after the receipt of those letters, making any attempt to state a claim for termination in violation of the Americans with Disabilities Act untimely. See 42 U.S.C. § 2000e-5(f)(1) (ADA action must be filed "within ninety days after the giving of [right to sue] notice"); *See Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991) (ninety day limit runs from the date the letter is recieved.)

The Plaintiff's Request for Reconsideration also mentions efforts by "SSA" (Social Security Administration) to terminate benefits (doc. 4). Apparently, Plaintiff has been disabled since 1997 and received Social Security disability payments. (See doc. 1-22; doc. 1-17.) The Plaintiff apparently believes that his filing an EEOC charge resulted in an employer reporting to the SSA that he made "SGW", which he did not, and efforts by Social Security to seek $44,567 in repayment. (See Doc. 1-28, doc. 4.)

Apparently, Plaintiff seeks to challenge Social Security's determination that he was overpaid benefits and has to repay them. (See doc. 1-5.) However, <u>if</u> that is in fact the claim he seeks to assert, his Complaint, even read as liberally as the court can read it and considering the documents attached to it, fails to state a claim upon which relief can be granted; it fails to name a proper defendant, which can actually be sued for relief; and it fails to demonstrate that the Plaintiff has exhausted all administrative remedies – a prerequisite to bring suit. Therefore, such claim must be dismissed.

The Request for Reconsideration also mentions : "The 16% loss of use Award from

DOL/ESA case 7/29/1990." The court has no idea to what the Plaintiff refers, so again the court finds this statement to be incoherent to the extent it may be viewed as an effort to state or explain his claim.

Having carefully reviewed *de novo* all the information in the court file, including the report and recommendation, and the Plaintiff's objections, the court is of the opinion that the magistrate's recommended should be, and hereby is ACCEPTED and ADOPTED as the opinion of this court. The court expressly determines that the complaint is incoherent and thus frivolous and due to be dismissed pursuant to 28 U.S.C.A. § 1915 (e)(2)(B)(I) and (ii). A final order will be entered.

DONE this 12th day of August 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE